[Civ. No. 10695. Second Appellate District, Division One.—June 17, 1936.]

LILLIAN NEIMAN, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

Dempster & Dempster, J. H. Creighton and Arthur L. Green for Petitioner.

Everett A. Corten and Emmet J. Seawell for Respondents.

HOUSER, P. J.—The pertinent facts necessary to a determination of the question here presented appear to be that in the month of July, 1929, one James Henry Neiman met his death at a time when he was an employee of Western Pipe and Steel Company; that thereafter, in pursuance of an application for adjustment of claim for compensation that had been presented by his widow (petitioner herein) to the respondent commission, findings of fact and an "award" were made by the latter, in substance, that although immediately prior to his death, the husband of the applicant had been an employee of Western Pipe and Steel Company, the evidence did not establish the fact that the death of the said employee was the proximate result of any injury that was sustained by him in the course of his said employment; —as a consequence of which no award of compensation was made. Approximately two and a half years after such decision had been rendered, the widow presented a petition to the respondent commission to reopen the claim for compensation, which petition was by said commission denied. There the matter rested until April 13, 1935, which was nearly six years after the death of the husband had occurred, at which former time his widow caused a second petition to reopen the claim for compensation to be presented to the respondent commission, which petition was accompanied by several supporting affidavits, from which, although

in the absence of any direct allegation of fraud· on the part of the employer, it was inferable that at the time when the hearing of the original petition ·for adjustment of the claim had occurred the respondent commission had been imposed upon, in that pertinent and material evidence relative to the establishment of the inducing circumstances under which the employee had met his death had been wilfully suppressed by his said employer; whereas, had such evidence been introduced at said hearing, no proper decision would have been possible other than that an asserted injury that had been sustained by the employee and which had resulted in his death arose out of and was occasioned in the course of his said employment. Some time after said second petition had been filed, the respondent commission caused to be served upon the petitioner therein a notice by which she was required to show cause why said petition should not be dismissed, for the reason, as stated in said notice, that the said commission was without jurisdiction in the said matter. In response to the said order, following argument with reference to the asserted lack of jurisdiction of the respondent commission in the matter, instead of ruling upon the question of jurisdiction, the respondent commission proceeded to a hearing of said petition on its merits; and thereupon the several persons whose affidavits theretofore had been filed therein were sworn as witnesses and gave their testimony in detail regarding their knowledge of the circumstances that immediately had preceded the death of the employee. However, in no respect did it appear therefrom or otherwise that the employer either wilfully or otherwise had prevented, or had attempted to prevent, either of such witnesses, or any other person, from giving his testimony, either on the original hearing of the claim for adjustment of compensation, or ever or at all; or that any officer of the employer ever had had any knowledge of the facts that were given in evidence by the witnesses who had testified thereto at the hearing on the said petition to reopen the said claim. Thereafter, following the filing by respective counsel of briefs regarding the several assumed points at issue, the respondent commission made its order by which "the applicant's petition to reopen is (was) *denied*".

■ In due course, on the application by petitioner therefor, this court caused its writ of *certiorari* to issue

herein; but in so doing, this court acted upon the theory and assumption, as presented by the petitioner, to wit, that the respondent commission had denied its jurisdiction to consider the petition to reopen the cause, and therefore erroneously had declined to act in the premises. It now appears from the record herein that that much had been indicated as a possibility solely by the order to show cause why said petition should not be dismissed. But, as hereinbefore has been stated, it is now disclosed from the entire record herein that on the hearing of the order to show cause why the petition to reopen should not be dismissed because of lack of jurisdiction of the commission to act in the premises, the question then and there at issue was treated by all parties as though it was whether the cause should be reopened on account of the assumed fraud of the employer in the asserted suppression of evidence at the hearing of the original application for adjustment of the claim for compensation; and that instead of ordering the *dismissal* of the petition to reopen the claim because of lack of jurisdiction, the respondent commission had received evidence with reference to the right of the petitioner to have the claim reopened, and thereupon had *denied* the petition. Far from adjudicating that it had no jurisdiction in the matter at issue, the record shows conclusively, not only that the respondent commission assumed to act in the premises, but, as well, that it did act therein, and that in pursuance thereof it denied the said petition on the merits of the controversy.

It follows that this court has no power to review the order made by the respondent commission, and that such order made by the respondent commission should be affirmed. It is so ordered.

York, J., and Doran, J., concurred.